WYOMING CENTRAL IRRIGATION COMPANY V. BURROUGHS.

(No. 645.)

LANDLORD AND TENANT—LEASE—CONSTRUCTION OF LEASE AS TO LESSOR'S OBLIGATION TO FURNISH WATER FOR THE IRRIGATION OF THE LAND—INSTRUCTIONS—EFFECT OF REFUSAL OF AN INSTRUCTION WHEN MATTER IS COVERED IN ONE GIVEN—SUBMITTING CONSTRUCTION OF WRITTEN LEASE TO JURY—WHEN NOT PREJUDICIAL—APPEAL AND ERROR—CONFLICTING EVIDENCE.

1. By the terms of a written lease of land through which the lessor, an irrigation company, had constructed lateral ditches the lessees were required to properly plow and level the land, seed the same with oats, irrigate and harvest the crop, to deliver to the lessor one-half of the crop so raised, and to use the lateral ditches and divert the necessary water therefrom for the irrigation of the land in such a manner as not to interfere with the necessary and proper flow of water through such ditches for the irrigation of certain other lands held and controlled by the lessor, "provided, always, that they shall at all times during the term of this lease, when the same is necessary, have and divert from said lateral ditches two cubic feet of water per second of time." *Held,* that the lessees were entitled at all times when necessary for the irrigation of the crop to divert from the ditches, and the lessor was required to furnish therein, the necessary water therefor, not to exceed two cubic feet per second, whether or not such necessary use interfered with the flow of water to irrigate the other lands mentioned in the lease:

2. A party is not prejudiced by the refusal to give an instruction when the same matter is covered in an instruction given.

3. Though it was the duty of the court to construe a written lease upon which the action was brought instead of submitting the construction thereof to the jury, the defendant was not prejudiced by the failure of the court in that respect, it appearing that in order to find as it did the jury must have properly construed the lease.

4. There being a conflict in the evidence upon the disputed facts in the case, and the trial court having declined to set the verdict aside, the appellate court should not interfere with the verdict on the ground of the insufficiency of the evidence, where there is competent evidence to sustain it.

[Decided May 9, 1911.]                    (115 Pac. 434.)

ERROR to the District Court, Fremont County; HON. CHARLES E. CARPENTER, Judge.

The material facts are stated in the opinion.

*E. H. Fourt,* for plaintiff in error.

The provision of the contract requiring the lessee to irrigate the crops would require him to do so at his own hazard, risk and expense, so that a failure to do so would be cause for forfeiture, except for the proviso that the lessee shall at all times during the term of the lease when necessary have and divert from the ditches two cubic feet of water per second of time. These provisions are found in paragraphs which are separate and distinct; each paragraph setting forth covenants on the part of the lessee. The leased land was allotted Indian land which had been leased by the allottee to the irrigation company. The appurtenances to the land are not specified and there is no showing that water or water right was an appurtenance. In fact there could be no such appurtenance unless the Indian had applied for and received a permit for the use of the water, and there is no evidence that he had done so. Both lessee and lessor were equally interested in having a crop produced, and the lessor had no power to grant a water right, but if the lessee used the laterals in the manner provided in paragraph 5 of the lease, it would protect him against forfeiture. If he

did not have the water with which to irrigate the land it was not to work a forfeiture. We maintain that this proviso should have been construed to read in effect that the lessee should irrigate the land and crops, and would be relieved from forfeiture if he did not have sufficient water. In other words, if the lessee have the quantity of water mentioned, viz: two cubic feet per second of time, he was required to use it properly to irrigate the crops, and under that condition subject to the penalty and forfeiture.

There is neither allegation nor proof in the case that there was any water right or permit for the use of water secured for the irrigation of the land in question, or that defendant company had any power or control over the water supply for such land. The interpretation of the contract was and is a function of the court. It was error for the court to fail to construe it and submit its construction to the jury. (Dennis v. Bank, 80 Pac. 764; Warner v. Thompson, 10 Pac. 110; Bell v. Keeper, 14 Pac. 542; Drew v. Towle, 30 N. H. 351; Scanlan v. Hodges, 52 Fed. 354; Bell v. Bruen, 1 How. U. S. 169.) The words "shall have" as used in the contract, have only a prospective application. (*In re* Scheidel's Est., 57 Pac. 297; Beard v. Bowman, 9 Peters, 301.) The instructions assume that there was an agreement on the part of the company to supply water, and the jury might have been misled by that assumption into an erroneous construction of the contract. And this is true although the court does not say anything positively about what the real terms of the contract are, nor whether it binds the defendants to anything specifically. The instructions were not only erroneous for the failure of the court to construe the contract, and construe it correctly, but they were prejudicial in that they tended to give the jury an erroneous conception of the contract.

*John Dillon*, for defendant in error.

The evidence shows that the defendant irrigation company was the owner of an irrigation system and also the lessee of certain Indian lands under their main ditch; that

they sub-leased certain of said lands to the plaintiff by a written lease which is a part of the record. By this lease the defendant company agreed to furnish water to the defendant from its ditch with which to irrigate the land, and plaintiff agreed to plant and harvest the crop from said land. The question of the interpretation of this contract by the court seems to us to be immaterial, for it will at once be perceived that the case was tried on the part of the defendant company on the theory that there was an agreement to furnish the water to the plaintiff, and that the question in the case was whether any water at all between certain dates had been furnished to the plaintiff. Evidence was introduced upon this question and by the verdict the jury found that no water was furnished during the period involved. The finding of the jury in that respect must be taken as conclusive for there was abundant evidence to support it. All through the trial the fact that there was an agreement to furnish water was assumed. The defendant company, plaintiff in error here, is estopped, therefore, to complain of the failure of the court to give an instruction construing the lease. It is not a case where the construction of the contract is the basis of the suit. On the contrary the plaintiff in error claimed throughout that it furnished sufficient water to irrigate the land, and that the crop failure was caused by the negligence of the defendant in error in taking advantage of the water that was furnished.

BEARD, CHIEF JUSTICE.

This action was brought by the defendant in error, William N. Burroughs, against the plaintiff in error, Wyoming Central Irrigation Company, to recover damages for an alleged failure of the company to furnish water for the irrigation of certain lands. The cause was tried to a jury which returned a verdict in favor of plaintiff below for $286.76, for which sum judgment was rendered in favor of said plaintiff and against said company. The company brings error.

The plaintiff alleged in substance, in his petition, in the District Court, that about March 1, 1908, he leased from the defendant about one hundred acres of land in Fremont County, for the term of one year. That by the terms of the lease defendant was to furnish plaintiff from ditches owned and operated by defendant two cubic feet of water per second of time with which to water said lands when necessary to irrigate the same. That he sowed said lands with oats in a proper and husbandlike manner in the spring of 1908. That through negligence and carelessness and contrary to the terms of the lease, defendant cut off the supply of water of plaintiff and neglected to furnish water to plaintiff in the amount called for in said lease, or any water, thereby causing said crop to dry up and be damaged in the sum of $4,000. By its answer the defendant admitted that it leased the land to plaintiff and another, and denied the other allegations of the petition.

The only grounds for reversal stated in the brief of counsel for plaintiff in error are, alleged errors of the court in giving certain instructions to the jury, and in refusing to give certain instructions requested by plaintiff in error, and that the verdict is not sustained by the evidence.

The lease is in writing, and by its terms Burroughs was to properly plow and level the land and seed the same with oats, to irrigate the crop, harvest the same and deliver to the company one half of the crop so raised. The part of the contract providing for water for such irrigation is as follows: "The said parties of the second part further agree to use the lateral ditches now constructed through and upon said land and to divert the necessary water therefrom for the irrigation of the above described land in such way and manner as not to interfere with the necessary and proper flow of water through said lateral ditches for the irrigation of other lands held and controlled by the said party of the first part in sections 33, 34 and 35, Tp. 1 N., R. 4 E., W. R. M., and section 2, Tp. 1 S., R. 4, W. R. M.; provided, always, that they shall at all times during the

term of this lease, when the same is necessary, have and divert from said lateral ditches two cubic feet of water per second of time." · The defendant below requested the court to instruct the jury as follows: "No. 14. The court instructs the jury that under the terms of the written agreement of lease entered into between the plaintiff, William N. Burroughs, and the Wyoming Central Irrigation Company, defendant, that the defendant does not agree to supply water to the plaintiff in any quantity, nor under any conditions, and your verdict should be for the defendant."

"No 15. The court instructs the jury that under the evidence in the case, there is only an implied agreement on the part of the defendant to furnish and supply water to the plaintiff for the irrigation of his crops, and that under the circumstances, the defendant is only bound to use reasonable care, caution and diligence to supply such water, and if the failure to supply water was caused by an act which could not reasonably be foreseen, and that the defendant was using such care ·and caution as a man of ordinary prudence would use in the management of his own affairs to protect the irrigating canal and to supply water to the plaintiff, then you are instructed that the plaintiff cannot recover and that your verdict must be for the defendant." The court refused to so instruct, but instructed the jury on that point, that "it devolved upon the plaintiff to prove by a preponderance of the evidence in the case; * * * that by the terms of said lease he was to have a sufficient quantity of water to irrigate said lands and make the same available for crops; not to exceed two cubic feet per second." The refusal to instruct as requested and the giving of 'the latter instruction are assigned as error. There was no error in refusing to give these instructions, neither of them correctly construing the lease.. We think the lease required the company to furnish in the ditches at all times when the same was necessary for irrigation of said crop, the water · necessary therefor, not to exceed two cubic feet per second. He was to use the ditches of the company then on the land and was

to divert the necessary water therefrom to irrigate the same, in such manner as not to interfere with the flow of water through the ditches for the irrigation of other lands; provided, that he should have and divert at all times when necessary two cubic feet of water per second. That is, he was to have the water necessary to irrigate the land up to that amount, whether or not it interfered with the flow of water to irrigate such other lands. Any other construction of the lease would render that proviso meaningless. This was an express and not an implied agreement. The other part of instruction No. 15 was covered by another instruction, wherein the court told the jury "that under the issues joined in this case, the plaintiff alleges that the defendant company agreed to furnish water to the plaintiff and that by reason of the negligence and carelessness the defendant shut off the supply of water and neglected to furnish water to the plaintiff, and the jury are instructed that it is incumbent upon the plaintiff to prove to the satisfaction of the jury by a preponderance of the evidence that the damage to his crops was caused by the negligence and carelessness of the defendant in failing to supply water for the irrigation of them." The rule is well settled that a party is not prejudiced by the refusal to give an instruction when the same matter is covered in an instruction given. It is argued that the court should have construed the contract, and that it was error to leave its construction to the jury. The contract being in writing, no doubt it was the province of the court to construe it. But in this case the defendant was not prejudiced by the failure of the court to give an instruction correctly construing the lease. For, in order to find as it did, the jury must have concluded, as we conclude, that it was the duty of the defendant under the contract to furnish the necessary water in the ditches to irrigate the land; and, under the instructions given, it must have further found that the company failed to do so, and that such failure was the result of negligence on its part. The foregoing are all of the objections to the instructions urged in the brief of counsel for plaintiff in

error.   An examination of the entire record satisfies us that there was no prejudicial error in that respect.

It is also urged that the verdict is not sustained by the evidence.   As is usually the case, when a disputed question of fact is submitted to a court or jury for determination, there is a conflict in the evidence.   The jury has passed upon the evidence and the District Court has declined to set the verdict aside; and, as has so often been said, under such circumstances this court should not do so for the insufficiency of the evidence when it is conflicting, and where there is competent evidence to sustain the verdict. We find no prejudicial error in the record, and the judgment of the District Court, therefore, is affirmed.

*Affirmed.*

Scott, J., and Potter, J., concur.